# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| ALI SHERKAT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Case No. 05-0371-CV-W-FJG |
| | ) |
| RENEA SHERKAT, | ) |
| | ) |
| Defendant. | ) |

## ORDER

On April 22, 2005, plaintiff in the above styled case filed a Notice of Removal of Case from State Court. (Doc. No. 1). Granting a liberal construction to plaintiff's filing, plaintiff is attempting to remove from the state court an action for dissolution of marriage and payment of child support. Plaintiff's primary allegations in the supporting materials attached to his notice of removal are that his treatment for failure to pay child support (including contempt sanctions) is wrongful in some way.

The party invoking the jurisdiction of a federal court bears the burden of proof in establishing that such jurisdiction is proper. McNutt v. Gen. Motors Acceptance Corp., 298 U.S. 178, 189 (1936). Federal courts are courts of limited jurisdiction, and a civil action brought in a state court may be removed by a defendant only if the federal court has original jurisdiction. 28 U.S.C. § 1441.

There are numerous reasons why federal jurisdiction is improper in this case. However, the most glaring difficulty with plaintiff's removal is that federal courts do not exercise jurisdiction in domestic relations cases, including those involving divorce and child

custody/support. Ankenbrandt v. Richards, 504 U.S. 689, 693-701 (1992). The Court further notes that plaintiff's allegations against various state actors for discrimination and/or constitutional violations carry no weight because the state actors are not parties to the removed lawsuit.[1]

Therefore, the case of Renae Sherkat v. Ali Sherkat, Case No. CV1018249DR, is **REMANDED** to the Circuit Court of Clay County, Missouri. All pending motions in this matter are **DENIED AS MOOT.** Further, the Clerk of the Court is directed to mail by regular and certified mail, return receipt requested, a copy of this Order to Ali Sherkat, 102 NW Greentree Lane, Kansas City, Missouri, 64116.

**IT IS SO ORDERED.**

/s/ FERNANDO J. GAITAN, JR.
Fernando J. Gaitan, Jr.
United States District Judge

Dated: May 11, 2005 .
Kansas City, Missouri.

---

[1]Additionally, the Court notes that in the past, plaintiff has filed or removed four other causes of action related to the same underlying divorce/child custody proceeding. See Ali Sherkat v. 7th Judicial District Court, Case No. 02-0948-CV-W-FJG (remanded January 2, 2003); Ali Sherkat v. James Welsh et al., Case No. 02-0634-CV-W-FJG (dismissed by Court Order, December 26, 2002); Ali Sherkat v. Clay County Circuit Court et al., Case No. 02-1028-CV-W-FJG (dismissed Court Order, December 30, 2002); and Ali Sherkat v. Clay County Circuit Court et al., Case No. 02-1047-CV-W-FJG (remanded January 6, 2003). The Court's Orders in those cases detail why plaintiff's claims against these various parties are meritless, and are all equally relevant to plaintiff's current notice of removal. Plaintiff is cautioned that repeated filing of meritless claims in federal court could result in monetary sanctions. See Fed. R. Civ. P. 11; Beaner v. U.S., 361 F. Supp. 2d 1063 (D. S.D. 2005). Plaintiff is not immune from sanctions based on his status as a pro se litigant. See Burgs v. Sissel, 745 F.2d 526, 528 (8th Cir.1984).

2