# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| ALI SHERKAT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Case No. 05-0371-CV-W-FJG |
| | ) |
| RENEA SHERKAT, | ) |
| | ) |
| Defendant. | ) |

**ORDER**

Pending before the Court is plaintiff's Motion to Set Aside Order and Transfer Case (Doc. No. 5).

On May 11, 2005, this Court entered its Order remanding plaintiff's lawsuit to state court. See Doc. No. 4. Plaintiff suggests that the Court did not consider 28 U.S.C. § 1443 (1) in its Order, and that plaintiff's lawsuit is removable pursuant to that statute. Plaintiff claims that his case raises civil rights issues that are removable to federal court because "he wonders if one of the causes of the discrimination [i.e., the state court ruling against him in the divorce action] may be his national origin."

28 U.S.C. § 1443 provides for the removal of certain cases raising civil rights issues. Section 1443 states:

> Any of the following civil actions or criminal prosecutions, commenced in a State court may be removed by the defendant to the district court of the United States for the district and division embracing the place wherein it is pending:
>
> (1) Against any person who is denied or cannot

> enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States or of all persons within the jurisdiction thereof . . . .

In City of Greenwood v. Peacock, 384 U.S. 808 (1966), the Supreme Court provided:

> It is not enough to support removal under § 1443(1) to allege or show that the defendant's federal equal civil rights have been illegally and corruptly denied by state administrative officials in advance of trial, that the charges against the defendant are false, or that the defendant is unable to obtain a fair trial in a particular state court. The motives of the officers bringing the charges may be corrupt, but that does not show that the state trial court will find the defendant guilty if he is innocent, or that in any other manner the defendant will be "denied or cannot enforce in the courts" of the state any right under a federal law providing for equal civil rights. The civil rights removal statute does not require and does not permit the judges of the federal courts to put their brethren of the state judiciary on trial. Under § 1443(1), the vindication of the defendant's federal rights is left to the state courts except in the rare situations where it can be clearly predicted by reason of the operation of a pervasive and explicit state or federal law that those rights will inevitably be denied by the very act of bringing the defendant to trial in the state court.

Id. at 827-28 (emphasis added). See also Doe v. Berry, 967 F.2d 1255, 1257-58 (8th Cir. 1992)(same). This Court cannot put its brethren in the state judiciary on trial. Plaintiff's mere unsupported belief that the state court may be discriminating against him on the basis of his national origin is not enough to support removal to federal court. See Neal v. Wilson, 112 F.3d 351, 355 (8th Cir. 1997). Nor can this Court clearly predict, based on the record before it, that plaintiff's rights will inevitably be denied. This case is not one of those rare cases where removal under Section 1443 is possible. Therefore, plaintiff's motion to set aside the Court's Order remanding this case is **DENIED.**

Plaintiff also requests that this case be transferred to a different "division, which is more favorable towards the statutes." However, the law is clear: plaintiff's case does not belong in federal court.[1] Plaintiff has not shown any reason why this Court should recuse itself from consideration of plaintiff's claims. Therefore, the Court **DENIES** plaintiff's motion to transfer.

Further, the Clerk of the Court is directed to mail by regular and certified mail, return receipt requested, a copy of this Order to Ali Sherkat, 102 NW Greentree Lane, Kansas City, Missouri, 64116.

**IT IS SO ORDERED.**

          /s/ FERNANDO J. GAITAN, JR.
Fernando J. Gaitan, Jr.
United States District Judge

Dated: May 19, 2005
Kansas City, Missouri

---

[1] Plaintiff is again cautioned that repeated filing of meritless claims in federal court could result in monetary sanctions. See Fed. R. Civ. P. 11; Beaner v. U.S., 361 F. Supp. 2d 1063 (D. S.D. 2005). Plaintiff is not immune from sanctions based on his status as a pro se litigant. See Burgs v. Sissel, 745 F.2d 526, 528 (8th Cir.1984).

3